J-S49003-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GEORGE GILMORE | |
| Appellant | No. 605 EDA 2015 |

Appeal from the PCRA Order entered January 30, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division, at No(s): CP-51-CR-0602111-2000

BEFORE:  PANELLA J., and OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, J.           **FILED JULY 14, 2016**

Appellant, George Gilmore, appeals *pro se* from the order dismissing as untimely his latest petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On January  29, 2002, a jury convicted Appellant of burglary, theft and criminal trespass at two separate dockets.[1] On September 16, 2002, the trial court sentenced him to an aggregate term of 13½ to 27 years of

---

[*] Former Justice specially assigned to the Superior Court.

[1] Although it appears Appellant filed an identical notice of appeal at No. CP-51-CR-0602121-2000, the notice lists only the above docket number. In its opinion in support of its denial of post-conviction relief, the PCRA court lists both docket numbers. Even though only one docket number is properly before us, our disposition in this case would equally apply to the other docket.

incarceration. Although Appellant's original appeal was dismissed for failure to file a brief, his appellate rights were later reinstated, *nunc pro tunc*. On November 9, 2004, this Court affirmed Appellant's judgment of sentence, and our Supreme Court denied his petition for allowance of appeal on March 31, 2015. *See Commonwealth v. Gilmore*, 867 A.2d 645 (Pa. Super. 2004) (unpublished memorandum), *appeal denied*, 871 A.2d 188 (Pa. 2005). Appellant did not seek further review.

Appellant filed a timely *pro se* PCRA petition. The PCRA court appointed counsel, who subsequently filed a "no-merit" letter and petition to withdraw, pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). Following an independent review of the record, the PCRA court dismissed Appellant's petition. We affirmed that decision on December 18, 2007. *See Commonwealth v. Gilmore*, 945 A.2d 761 (Pa. Super. 2007) (unpublished memorandum).

Appellant filed a subsequent *pro se* PCRA petition on May 14, 2008. Following notice of its intent to dismiss without a hearing, the PCRA court dismissed Appellant's petition as untimely. Appellant filed a timely appeal, and we affirmed the denial of post-conviction relief. *See Commonwealth v. Gilmore*, 11 A.3d 1035 (Pa. Super. 2010) (unpublished memorandum).

Appellant filed the *pro se* PCRA petition at issue on April 4, 2014. On December 25, the PCRA court issued notice of its intent to dismiss

Appellant's petition without a hearing. The PCRA court dismissed Appellant's petition as untimely on January 30, 2015. This appeal follows.

Before addressing Appellant's substantive issues we must first determine whether the PCRA court correctly concluded that Appellant's latest *pro se* PCRA petition was untimely filed. The timeliness of a post-conviction petition is jurisdictional. ***See Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), is met. A PCRA petition invoking one of these statutory exceptions must "be filed within 60 days of the date the claims could have been presented." ***Hernandez***, 79 A.3d 651-52 (citations omitted). ***See also*** 42 Pa.C.S.A. § 9545(b)(2). Finally, exceptions to the PCRA's time bar must be pled in the petition and may not be raised for the first time on appeal. ***See Commonwealth v. Burton***, 936 A.2d 521, 525 (Pa. Super. 2007). ***See also*** Pa.R.A.P. 302(a)

Appellant's judgment of sentence became final on June 29, 2005, when the ninety-day period seek a writ of *certiorari* under United States Supreme Court rules expired. ***See*** U.S.Sup.Ct.R. 13; 42 Pa.C.S.A. § 9543(b)(3). Therefore, Appellant needed to file the petition at issue by June 29, 2006, in order for it to be timely. Appellant filed the instant petition almost nine years later; it is patently untimely unless he has satisfied his

burden of pleading and proving that one of the enumerated exceptions applies.

Appellant has failed to prove the applicability of any of the exceptions to the PCRA's time bar. The PCRA court noted the vagueness of Appellant's attempt to establish an exception:

> [Appellant's] arguments are barely comprehensible and it is unclear exactly what he is attempting to express outside of a general allegation of fraud by the Court. At times, while [Appellant] frames his argument as if they were newly discovered evidence claims, he never specifically lays out a claim for that exception. Due to [Appellant's] claim of government interference further in his pleadings, this Court reviewed his petition under that exception to the time bar.

PCRA Court Opinion, 3/12/15, at 3 n.1.

The PCRA court then rejected Appellant's governmental interference claim by concluding that it was undeveloped:

> In his present petition, which was facially untimely, [Appellant] alleges that a "break down in [the] Clerk of Courts office" led to the untimely docketing and resolution of his "Speedy Trial Motion." When attempting to raise the governmental interference exception to the PCRA time bar, a petitioner has sixty days to raise the claim from the date the petitioner knew or should have known about the evidence. **Commonwealth v. Beasley**, 741 A.2d 1258, 1261-62 ([Pa.] 1999). In order for [a] petitioner to obtain relief upon government interference under the PCRA he must plead that the "failure to raise the claim [or claims] previously was the result of interference by government officials with the presentation of the claim [or claims] in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States[.]" 42 Pa.C.S. §9545(b)(1)(i).

> However, [Appellant's] claim entitled him to neither an evidentiary hearing nor relief because he failed to establish that the information contained in his filings could not have been discovered previously. . . . Thus, [Appellant] has not sufficiently developed his claim of governmental interference thereby precluding review on this issue by this Court. ***See Commonwealth v. Puksar***, 597 Pa. 240, 951 A.2d 267, 293-94 (2008) (failure to develop claim waives it).

PCRA Court Opinion, 3/12/15, at 3 (footnote omitted). In a footnote, the PCRA court stated that Appellant's "further claims of government interference dealt with his apparent belief that motions he filed were not dealt with by the court or they were precluded by the office of Clerk of Court, but [Appellant] does not cite any evidence to back up these claims." ***Id.*** at 3 n.2

Our review of the record supports the PCRA court's conclusions. ***See Commonwealth v. Edmiston***, 65 A.3d 339, 345 (Pa. 2013) (explaining that the proper questions with respect to timeliness exceptions of the PCRA are whether the government interfered with petitioner's ability to present his claim, and whether petitioner was duly diligent in seeking the facts on which his claims are based). To the extent Appellant attempts to argue new exceptions to the PCRA's time bar, they are waived. ***See Burton***. In addition, given the amount of appellate review in this case, Appellant's claim that his appeal is timely because his judgment of sentence was never officially finalized is specious. ***See*** Appellant's Brief at 48 (unnumbered).

In sum, Appellant's latest PCRA petition is untimely, and he has failed to meet his burden of proof with regard to any exception to the timeliness

requirements of the PCRA. Thus, the PCRA court correctly concluded that it lacked jurisdiction, and properly denied Appellant post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/14/2016